FILED
SUPERIOR COURT
OF GUAM

2024 FEB -5 PM 3: 35

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>DANNY VINCENT RODRIGUEZ,<br><br><br>Defendant. | Case No. CF0011-21 and CF0586-20<br><br>**DECISION AND ORDER**<br>**(Motion for Mistrial)** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on December 18, 2023, during the trial of Danny Vincent Rodriguez's ("Defendant") Motion for Mistrial. Defender Curtis C. Van de veld appeared for Defendant. Assistant Attorney Christine Santos Tenorio appeared for the People of Guam ("People'). Based on the relevant law and authorities the Court now issues the following decision and order **REJECTING** Defendant's Motion for Mistrial.

## BACKGROUND

On direct examination during trial, the People asked Officer Jorem Guardian, who interviewed the Defendant, what the Defendant stated to the Officer. Ppl.'s Opp. to Def.'s Mot. for Mistrial. ¶ 2, (December 15th, 2023). On cross-examination, the defense asked the police officer about not remembering the interview details with the Defendant. During redirect, the prosecution had the officer read exactly what he wrote about the interview to make sure everyone was clear on what was asked and answered. *Id.* The police officer proceeded to read his entire

interview with the Defendant into the record, including a portion that illustrated that the Defendant invoked his right to silence. *Id.* Defendant objected and this Court overruled it. Defendant moved for a mistrial.

## DISCUSSION

"[A] mistrial is required if the misconduct of the jury prejudiced the defendant to the extent that he or she did not receive a fair trial." *People v. Flores,* 2009 Guam 22 ¶ 89 (quoting *United States v. Berry,* 627 F.2d 193, 197 (9ᵗʰ Cir. 1980)). "Trial courts generally have broad discretion in adjudging the propriety of a mistrial, granting such a motion only where so dictated by 'manifest necessity' or in order to serve the 'ends of public justice.'" *People v. Pugh,* 2016 Guam 22 ¶ 31 (citing *Illinois v. Somerville,* 410 U.S. 459, 461-63 (1973)). "The defendant has the burden of proving that there was an abuse of discretion, and where, the court is to review a motion for mistrial, 'the power ought to be used with the greatest of caution under urgent circumstance, and for very plain and obvious causes." *Id.* (citations omitted).

### A. Neither manifest necessity nor the ends of public justice dictate granting a mistrial

The Fifth Amendment of the United States Constitution provides that "[n]o person... shall be compelled to testify against himself." U.S. Const. amend. V. In *Miranda v. Arizona,* the United States Supreme Court held that the Fifth Amendment forbids the use of the Defendant's post-custodial silence as substantive evidence of the Defendant's guilt. 384 U.S. 436, 467-68 n.37 (1966). "Evidence of a defendant's silence in pre-custodial or custodial circumstances violates the Fifth Amendment privilege against self-incrimination, when used as substantive evidence of guilt." *Pugh,* 2016 Guam 22 ¶ 38. The Supreme Court of Guam adjudges prosecutorial references to a defendant's silence under a harmless error standard. *See People v. Muritok,* 2003 Guam 21 ¶ 24.

### a. The People did not introduce evidence of the Defendant invoking his 5th Amendment privilege for use as substantive evidence of guilt

The Fifth Amendment of the United States Constitution provides that "[n]o person... shall be compelled to testify against himself." U.S. Const. amend. V. In *Miranda v. Arizona*, the United States Supreme Court held that the Fifth Amendment forbids the use of the Defendant's post-custodial silence as substantive evidence of the Defendant's guilt. 384 U.S. 436, 467-68 n.37 (1966). "Evidence of a defendant's silence in pre-custodial or custodial circumstances violates the Fifth Amendment privilege against self-incrimination, when used as substantive evidence of guilt." *People v. Pugh*, 2016 Guam 22 ¶ 38. The Supreme Court of Guam adjudges prosecutorial references to a defendant's silence under a harmless error standard. *See People v. Muritok*, 2003 Guam 21 ¶ 24.

Defendant argues that the admission of the following testimony by Officer Guardian violates Defendant's due process under the law: "After making that statement, I asked if he [Defendant] had any similar experiences with any of Abigail's sisters. Rodriguez told me that he felt uncomfortable answering that question and did not wish to answer any other questions. I acknowledged and ended my interview." Def.'s Mot. for Mistrial ¶ 2, (Dec. 14, 2023). Defendant cites *People v. Diego*, where the Guam Supreme Court found harmless error based on the overwhelming evidence against the Defendant. *See People v. Diego*, 2016 Guam 5 ¶ 5 and ¶¶ 27-32. Defendant also cites *People v. Ongil*, 2006 Guam 34; *People v. Pugh*, 2016 Guam 22; *People v. Aldan*, 2018 Guam 19 (holding that the same harmless error *combined with multiple other errors* violated due process).

The People argue that they, "only elicited the information regarding the entirety of the Defendant's interview on redirect examination to rehabilitate defense counsel's attack of the accuracy of the police officer's memory regarding the interview." Ppl.'s Opp. to Def.'s Mot. for

Mistrial. ¶ 4-5, (December 15th, 2023). Further, "the People did not mention the Defendant's silence in opening statements or direct examination" and "the People will not use the Defendant's silence in closing statements." *Id.* Although harmless error review does not apply, because this is not an appellate court[1], the People argue persuasively that the testimony entered into the record is not improper under *Muritok.* To determine, "whether improper testimony regarding a defendant's silence is harmless, three factors are considered: "(1) the extent of the comments made; (2) whether an inference of guilt from silence was stressed to the jury; (3) the extent of other evidence suggesting the defendant's guilt." *See People v. Muritok* 2003 Guam 21 ¶ 24 (*quoting United States v. Pino-Noriega*, 189 F.3d 1089, 1099). Utilizing this analysis, the Guam Supreme Court found that there was harmless error when (1) and Officer testified that the Defendant invoked his right to silence and (2) that silence was not stressed to the Jury. *Id.* ¶ 26.

Finally, the People persuasively distinguish all the Defendant's cases citing mistrial. *See People v. Aldan*, 2018 Guam 9 (issue regarding jury instruction, not testimony); *People v. Cruz*, 2016 Guam 5 (Prosecutor asked jury to make inference from silence during summary); *People v. Diego*, 2016 Guam 5 ¶ 29-30 (invoked right without making statements, unlike this case where Defendant made two statements); and *People v. Ongiil*, 2016 Guam 34 ¶ 37 (issue involved prosecutor directly asking officer about the Defendant invoking right to remain silent, which is not the issue in this case). The People also do not object, in this case, "to a jury instruction that advises the jury that the Defendant's silence should not be construed as guilt." Ppl.'s Opp. to Def.'s Mot. for Mistrial. ¶ 4, (December 15th, 2023). Therefore, because the People do not plan

---

[1] Rule 103(a) of Guam's Rules of Evidence serves as additional function of delineating the procedural requirements during trial in order for a party to preserve a harmless error claim on appeal. *See People v. Jesus,* 2009 Guam 2.

to emphasize testimony regarding silence to the jury, and for all the other reasons cited above, the introduction of this evidence is not substantive evidence of guilt.

### b. The People did not commit prosecutorial misconduct

Defendant argues that the "Prosecutor has informed the Court that she is well versed in this issue. Hence, the court should find the admission of the evidence to rise to prosecutorial misconduct because the Prosecuting Attorney is not unfamiliar with the issue and the presentation was purposeful to gain an advantage over Defendant." Def.'s Mot. for Mistrial. ¶ 3, (December 14th, 2023). It is speculative for this Court to assume that the Prosecuting Attorney made this presentation with any particular purpose, as even the Judiciary cannot read minds. Further, the Defense does not cite any case law or legal rules with which to infer the innerworkings of the Prosecutor's mind (or the Prosecutor's "purpose") from behavior observed in court. *Id.* ¶ 3-4. Defense merely claims that because the Prosecutor stopped the other witness, Officer Savella, at an earlier point in reading the police report that this "demonstrates the intent to purposefully present evidence which was not properly admissible." *Id.* ¶ 4. We cannot agree. Thus, the People did not commit prosecutorial misconduct.

### CONCLUSION AND ORDER

The Court will instruct the jury not to construe the Defendant's silence during the interrogation referenced here as guilt. For this reason and the reasons above, the Court **REJECTS** Defendant's Motion for Mistrial.

SO ORDERED, this _____5th_____ day of _____February_____ 2024.

_____
HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam

Decision and Order
Case No. CF0011-21 and CF0586-20, *People v. Danny Vincent Rodriguez*
Page 5 of 5